UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| RLI INSURANCE COMPANY, an Illinois Corporation,<br><br>                     Plaintiff,<br>          vs.<br><br>HANAA ABOU OUF; MOHAMED IMAM EL BAHY IMAM; 303 ROCK STREET, LLC, a Washington Limited Liability Company; EFFICACY, LLC, a Washington Limited Liability Company; and CHARLES GARTLAND,<br><br>                     Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(Declaratory Relief Under 28 U.S.C. § 2201)** |

Plaintiff, RLI INSURANCE COMPANY ("RLI"), for its complaint against defendants, HANAA ABOU OUF ("Ouf"), MOHAMED IMAM EL BAHY IMAM ("Imam"), 303 ROCK STREET, LLC, ("Rock Street") EFFICACY, LLC ("Efficacy"), and CHARLES GARTLAND ("Gartland") (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §2201, *et. seq*. RLI seeks a judgment declaring that it has no obligation

COMPLAINT FOR DECLARATORY JUDGMENT                  - 1 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

to pay defense or investigation costs, or to indemnify, Ouf, Imam, Rock Street, or Efficacy with respect to a pending claim and threatened lawsuit against them by Gartland for alleged injuries.

## PARTIES

2.    Plaintiff, RLI, is a corporation organized and existing under the laws of the state of Illinois with its principal place of business in Peoria, Illinois at all times hereinafter mentioned.

3.    Upon information and belief, Defendant Ouf is an individual and a resident of the State of Washington at all times hereinafter mentioned.

4.    Upon information and belief, Defendant Imam is an individual and a resident of the State of Washington at all times hereinafter mentioned.

5.    Upon information and belief, Defendant Rock Street is a limited liability company organized and existing under the laws of the state of Washington with its principal place of business in Washington at all times hereinafter mentioned. Upon information and belief, all governors, at the times relevant, were not domiciled in Illinois.

6.    Upon information and belief, Defendant Efficacy is a limited liability company organized and existing under the laws of the state of Washington with its principal place of business in Washington at all times hereinafter mentioned. Upon information and belief, all governors, at the times relevant, were not domiciled in Illinois.

7.    Upon information and belief, Defendant Gartland is an individual and a resident of the State of Washington at all times hereinafter mentioned. Defendant Gartland is joined as a necessary party to be bound by the declaratory judgment RLI seeks against Defendants Ouf, Imam, Rock Street, and Efficacy. No separate relief is requested as against Defendant Gartland.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

COMPLAINT FOR DECLARATORY JUDGMENT

- 2 -

9.      Venue is appropriate in the United States District Court for the Western District of Washington at Tacoma pursuant to 28 U.S.C. §1391 because the activities giving rise to this dispute occurred in this District, the RLI insurance policy was issued in this District, and, upon information and belief, Defendants Ouf, Imam, Rock Street, and Efficacy conduct business in this District, and are residents of this District.

10.     This Court has the authority to determine the parties' respective rights and other legal obligations pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*. There is an actual and justiciable controversy between the parties because the Defendants have sought to trigger RLI's insurance policy and the Defendants' actions have caused RLI to have a real and reasonable apprehension that it will be subject to liability under an umbrella insurance policy issued by RLI and because a dispute between an insurer and its alleged insureds over the duties imposed by an insurance contract satisfies the case or controversy requirement with respect to the Federal Declaratory Judgment Act.

## UMBRELLA POLICY

11.     RLI issued Personal Umbrella Liability Policy No. PUP2190908 to Ouf and Imam, as individuals, for the policy period of September 28, 2024, to September 28, 2025, with limits of $1,000,000 per occurrence ("Umbrella Policy"). The Umbrella Policy required Ouf and Imam to maintain underlying personal liability, bodily injury and property damage limits in the amount of $300,000 per occurrence. A copy of the Umbrella Policy is attached hereto as Exhibit A.

## BACKGROUND

12.     On December 28, 2024, Gartland allegedly slipped and fell on mossy, slimy stairs outside his home at 303 N. Rock St., in Centralia, Washington ("Property") breaking his leg in two places and breaking his ankle, which allegedly resulted in surgical intervention (the "Accident").

13.     At the time of the Accident, Garland allegedly was a tenant at the Property with a leasehold interest in Unit 3 of the Property.

COMPLAINT FOR DECLARATORY JUDGMENT

- 3 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

14.     Upon information and belief, at the times relevant, Efficacy acted as the property management company for the Property.

15.     Prior to the Accident, on or about February 9, 2022, Ouf and Imam quitclaimed the Property to Rock Street. A copy of the Quitclaim deed is attached hereto as Exhibit B. Rock Street was the sole owner of the Property at the time of the Accident.

16.     Rock Street was formed on October 8, 2021. Rock Street's address is 3225 McLeod Drive, Suite 100, Las Vegas, NV, 89121.

17.     Rock Street represented in its Annual Report to the Washington Secretary of State dated October 7, 2024, and in its Annual Report dated October 4, 2025, that within the prior 36 months of each Report there had not been any "transfer of controlling interest (50 percent or greater) of the ownership, stock, or other financial interest in the entity."

18.     Rock Street's single Governor, currently and at the time of the Accident, is and was Green Pyramid Holdings, LLC, a Wyoming Limited Liability, organized by Andrew Ngyuen on December 14, 2020 ("Green Pyramid").

19.     Green Pyramid's registered agent is Anderson Registered Agents and Green Pyramid's address is 3225 McLeod Drive, Suite 100, Las Vegas, NV, 89121.

20.     On December 30, 2025, Gartland, through counsel, and under the threat of civil litigation, asserted a claim against Rock Street and Efficacy in connection with the Accident ("Civil Litigation Letter"). A portion of the Civil Litigation Letter is attached hereto as Exhibit C.

21.     On January 14, 2026, Ouf tendered the Civil Litigation Letter to RLI under the Umbrella Policy, at which point RLI undertook a comprehensive investigation of the Civil Litigation Letter regarding Ouf, Imam, and Rock Street.

22.     On February 4, 2026, Gartland, through counsel, issued a letter directly to RLI reasserting the relief sought in the Civil Litigation Letter and demanding copies of any statements from Gartland or others regarding the Accident from RLI.

COMPLAINT FOR DECLARATORY JUDGMENT

- 4 -

23.    On February 26, 2026, Efficacy, though its insurer, tendered the Civil Litigation Letter to RLI under the Umbrella Policy.

24.    On March 20, 2026, RLI issued a letter to Ouf and Imam reserving all of its rights under the Umbrella Policy and notifying Ouf and Imam that there did not yet appear to be current evidence that any coverage was owed regarding the Civil Litigation Letter but invited Ouf and Imam to provide any additional information to RLI that may affect RLI's preliminary reservations of right.

25.    On March 20, 2026, RLI issued a letter to Rock Street reserving all of its rights under the Umbrella Policy and notifying Rock Street that there did not yet appear to be current evidence that any coverage was owed regarding the Civil Litigation Letter but invited Rock Street to provide any additional information to RLI that may affect RLI's preliminary reservations of right.

26.    On March 20, 2026, RLI issued a letter to Efficacy reserving all of its rights under the Umbrella Policy and notifying Efficacy that there did not yet appear to be current evidence that any coverage was owed regarding the Civil Litigation Letter but invited Efficacy to provide any additional information to RLI that may affect RLI's preliminary reservations of right.

27.    Ouf, Imam, Rock Street, and Efficacy continue to assert that RLI has a duty to pay defense or investigation costs and to indemnify them against the purported damages identified in the Civil Litigation Letter under the Umbrella Policy, but as of the date of the filing of this Complaint, none has provided any additional information requested by RLI.

28.    An actual controversy therefore exists among the parties having adverse legal interests and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A declaratory judgment will resolve the real and reasonable uncertainty that will continue to exist for RLI regarding whether, under the Umbrella Policy, RLI has a duty to pay defense and investigation costs or a duty to indemnify Ouf, Imam, Rock Street or Efficacy regarding the matters

COMPLAINT FOR DECLARATORY JUDGMENT

- 5 -

alleged in the Civil Litigation Letter, including, but not limited to, with respect to the demand made by Gartland and any settlement opportunity that may arise requiring a decision by RLI, at which point RLI will not have enough time to secure a judicial declaration.

29.    To prevent Ouf, Imam, Rock Street or Efficacy from having to litigate facts that may be in dispute in the Civil Litigation Letter, RLI will refrain in this declaratory judgment action from litigating any factual issues that overlap with any disputed questions of fact bearing on alleged liability until the relief sought in the Civil Litigation Letter is resolved.

## FIRST CLAIM FOR RELIEF

### (Insured Status – Rock Street)

30.    RLI repeats and reiterates the allegations contained in paragraphs "1" through "29" above as if more fully set forth herein.

31.    Rock Street is not an insured under the Umbrella Policy because it is not an insured under the Basic Policy, as defined, for the Occurrence at issue. The Umbrella Policy provides in relevant part:

**PART II-WHO IS COVERED**

A. For **Occurrences** that do not involve **Automobiles**, **Recreational Vehicles** or **Watercraft**:***

3. A trust or limited liability company is covered if covered for such **Occurrence** under your **Basic Policy** for the Required Minimum Limits of Coverage listed in the Declarations.

However, if such trust or limited liability company is not covered by your **Basic Policy** for such **Occurrence** for the Required Minimum Limits of Coverage listed in the Declarations then they are not covered under this policy.

32.    The Umbrella Policy contains the following definition of Basic Policy:

B. **Basic Policy** or **Basic Policies** means the type of policy or policies listed in the Declarations that provide primary liability coverage, which you and your **Relative** are required to have throughout the entire Policy Period. **Basic Policy** or **Basic Policies** does not include any commercial, business or general liability policy, or any commercial or business premises policy.

COMPLAINT FOR DECLARATORY JUDGMENT

- 6 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

33.     The relevant Basic Policy is Safeco Insurance Company ("Safeco") policy number OH2255515 issued to Ouf and Imam for the policy period of October 22, 2024, to October 22, 2025, which provides that Rock Street is *not* an insured for the Occurrence at issue under the Basic Policy, as it is not an insured for any liability coverages – the only potential coverage potentially implicated regarding the Accident:

34.     Because Rock Street is not an insured on the Basic Policy for the Occurrence at issue in the Civil Litigation Letter, Rock Street also is not an insured under the Umbrella Policy.

35.     There is an actual controversy concerning whether Rock Street is an insured under the Umbrella Policy for the Accident alleged in the Civil Litigation Letter.

36.     A prompt declaration of whether Rock Street is an insured under the Umbrella Policy is necessary and appropriate at this time to confirm that no duty to pay defense costs can be

COMPLAINT FOR DECLARATORY JUDGMENT

- 7 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

owed to Rock Street and to clearly delineate RLI's potential future obligations to Rock Street regarding the Civil Litigation Letter.

## SECOND CLAIM FOR RELIEF

### (Insured Status - Efficacy)

37.　RLI repeats and reiterates the allegations contained in paragraphs "1" through "29" as if more fully set forth herein.

38.　Efficacy is not an insured under the Umbrella Policy because it is not an insured on the Basic Policy, as defined, for the Occurrence at issue. The Umbrella Policy provides in relevant part:

**PART II-WHO IS COVERED**

A. For **Occurrences** that do not involve **Automobiles**, **Recreational Vehicles** or **Watercraft**:***

3. A trust or limited liability company is covered if covered for such **Occurrence** under your **Basic Policy** for the Required Minimum Limits of Coverage listed in the Declarations.

However, if such trust or limited liability company is not covered by your **Basic Policy** for such **Occurrence** for the Required Minimum Limits of Coverage listed in the Declarations then they are not covered under this policy.

39.　The Umbrella Policy contains the following definition of Basic Policy:

B. **Basic Policy** or **Basic Policies** means the type of policy or policies listed in the Declarations that provide primary liability coverage, which you and your **Relative** are required to have throughout the entire Policy Period. **Basic Policy** or **Basic Policies** does not include any commercial, business or general liability policy, or any commercial or business premises policy.

40.　The relevant Basic Policy is Safeco policy number OH2255515 issued to Ouf and Imam for the policy period of October 22, 2024, to October 22, 2025, which provides that Efficacy is not an insured for the location of the Property where the Accident occurred:

COMPLAINT FOR DECLARATORY
JUDGMENT

- 8 -

Safeco Insurance™
A Liberty Mutual Company

POLICY NUMBER: OH2255515

OPTION EL — LIABILITY EXTENDED TO OTHERS

AGENT:
PATH INSURANCE SOLUTIONS
17550 NE UNION HILL RD STE 160
REDMOND     WA   98052-3386

INSURED:
HANAA ABOU OUF
MOHAMED IMAM EL BAHY IMAM

AGENT TELEPHONE: (425) 289-3447

REAL PROP MANAGEMENT IMAGINE
5823 LACEY BLVD STE D
LACEY WA   98503

← ADDITIONAL INSURED

EFFECTIVE DATE:
NOV. 11 2021

The definition of **insured** is extended to include the person or organization named on this endorsement as an additional **insured**, but only with respect to the **insured location** shown on this endorsement for **bodily injury** as defined in this endorsement or **property damage** arising out of the maintenance or use of the **insured location**, subject to the following:

**EXCLUSIONS**

This insurance does not apply to **bodily injury** to any employee arising out of or in the course of that person's employment by an additional insured named on this endorsement. This exclusion applies whether the employee is a **residence employee** or a temporary employee furnished to any **insured**.

**GENERAL CONDITIONS**

If this policy is canceled or not renewed by us, all parties named above will be notified in writing.

**DEFINITIONS**

With respect to the person or organization named as an additional **insured** on this endorsement, the definitions of "**Bodily injury**" in Option **E** — Comprehensive Personal Liability and Option **H** — Premises Liability (see DEFINITIONS, item **2**, for both), are modified as follows:

2.   "**Bodily injury**" means bodily harm, sickness or disease, including required care, loss of services and death resulting there from.

Section **2.b.** of those definitions is deleted.

All provisions of this policy apply.

303 ROCK ST LLC
3225 MCLEOD DR SUITE 100
LAS VEGAS NV   89121

← ADDITIONAL INTEREST

TYPE OF INTEREST:
ADDITIONAL INTEREST

EFFECTIVE DATE:
FEB. 24 2023

41.    The Basic Policy provides that Efficacy (which uses the dba Real Property Management Imagine) is an insured but only with respect to the "insured location" shown in the endorsement, which is identified as 5823 Lacey Blvd, Suite D, Lacey, WA 98503 – the only location identified in the Basic Policy regarding Efficacy. This location is not the Property and is not where the Accident occurred.

42.    Because Efficacy is not an insured on the Basic Policy for the Property where the Accident occurred, Efficacy is not an insured under the Umbrella Policy.

43.    Efficacy also is not an insured under the Umbrella Policy because it is not Ouf or Imam's limited liability company.

COMPLAINT FOR DECLARATORY JUDGMENT

- 9 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

44.    There is an actual controversy concerning whether Efficacy is an insured under the Umbrella Policy. A prompt declaration of whether Efficacy is an insured under the Umbrella Policy is necessary and appropriate at this time to confirm that no duty to pay defense costs can be owed to Efficacy and to clearly delineate RLI's potential obligations to Efficacy regarding the Civil Litigation Letter.

## THIRD CLAIM FOR RELIEF

### (No Duty to Pay Defense or Investigation Costs)

45.    RLI repeats and reiterates the allegations contained in paragraphs "1" through "29" as if more fully set forth herein.

46.    The Basic Policy, as defined in the Umbrella Policy is Safeco policy number OH2255515 issued to Ouf and Imam for the policy period of October 22, 2024, to October 22, 2025.

47.    Upon information and belief, Safeco has tendered the limits of the Basic Policy to Gartland on behalf of Ouf, Imam, Rock Street and/or Efficacy without the requirement of a full release of all alleged insureds under the Umbrella Policy.

48.    The Umbrella Policy provides in relevant part the following condition:

D. For any **Basic Policies** referenced in **C. 1**. through **C.8**. above, or in the event that any **Basic Policy** limit is tendered without a full release of all claims asserted, we will not be responsible, nor will we pay for, any defense, investigation, negotiation, legal fees, court costs, interest, or any similar fees or costs. We do, however, have the right to participate in the defense or investigation of any such matter if we choose.

49.    The tender of limits under the Basic Policy to Gartland on behalf of Ouf, Imam, Rock Street and/or Efficacy without the requirement of a full release of the alleged insureds under the Umbrella Policy negates any obligation for RLI to pay any defense, investigation, negotiation, legal fees, court costs, interest, or any similar fees or costs on behalf of Ouf, Imam, Rock Street or Efficacy as alleged insureds regarding the matters alleged in the Civil Litigation Letter.

COMPLAINT FOR DECLARATORY JUDGMENT

- 10 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

50. There is an actual controversy concerning whether RLI has any obligation to pay any defense, investigation, negotiation, legal fees, court costs, interest, or any similar fees or costs regarding the matters alleged in the Civil Litigation Letter following Safeco's tender of the Basic Policy's limits without a full release of claims.

51. A prompt declaration of whether RLI has any obligation to pay any defense, investigation, negotiation, legal fees, court costs, interest, or any similar fees or costs on behalf of Ouf, Imam, Rock Street or Efficacy as alleged insureds regarding the matters presently alleged in the Civil Litigation Letter is necessary and appropriate at this time to clearly delineate RLI's potential obligations under the Umbrella Policy.

## FOURTH CLAIM FOR RELIEF

### (Duty to Indemnify)

52. RLI repeats and reiterates the allegations contained in paragraphs "1" though "29" as if more fully set forth herein.

53. RLI has no duty to indemnify Ouf, Imam, Rock Street or Efficacy as alleged insureds against any purported damages demand for the Accident identified in the Civil Litigation Letter because the business exclusion in the Umbrella Policy applies to any insured seeking coverage and provides:

**PART V-WHAT IS NOT COVERED -- EXCLUSIONS**

This policy does not provide coverage for:

A. Injury arising out of, caused by, resulting from, or in any way connected with:

1. **Business**;

2. **Business Property**; or

3. activities related to **Business** or **Business Property**;

unless arising out of or connected with an **Insured Location**, and only if the **Injury** is covered by a valid and collectible **Basic Policy** for the Required Minimum Limits of Coverage listed in the Declarations.

COMPLAINT FOR DECLARATORY JUDGMENT

- 11 -

This Exclusion does not apply to **Injury** arising out of, caused by, resulting from, or in any way connected with non-commercial activities occurring on a farm or ranch that you do not rent.

54. The Umbrella Policy includes the following definition of "Business":

D. **Business** means any trade, occupation, profession, employment, commercial operation, including farming and ranching, whether done on a full-time, part-time, temporary or supplemental basis.

55. The Umbrella Policy includes the following definition of "Business Property":

E. **Business Property** means property or any part of the property on which a Business is operated, including farms and ranches, whether or not such property is occupied or in use. Business Property also means residential property rented, or held for rental, to others.

56. The Umbrella Policy includes the following definition of "Insured Location":

H. **Insured Location** means a residential:

1. single or multi-unit dwelling with a maximum of four units;
2. condominium unit;
3. townhouse; or
4. one to two family mobile home

that you own, reside in full or part time, or that is owned by your trust or a limited liability company of which you are a member. **Insured Location** includes structures ancillary to H. l. through 4. above, except those structures commonly owned by you and anyone who is not an **Insured**.

57. The Umbrella Policy defines "you" to mean as follows:

In this policy, the words you, your, or yours mean the person(s) named in the Declarations as the Named Insured and his or her Spouse.

58. The purported damages for Gartland's injuries as alleged in the Civil Litigation Letter arise solely out of "Business" and "Business Property," including from residential property rented to others.

59. The term "You" in the Umbrella Policy refers only to Ouf and Imam.

60. The Property is not within the "Insured Location" exception to the Business exclusion because the Property is not owned by Ouf or Imam, Ouf or Imam do not reside at the Property, and the Property is not owned by a trust or limited liability company of which Ouf or

COMPLAINT FOR DECLARATORY
JUDGMENT

- 12 -

Imam are members. The Property is instead owned by Rock Street, and Rock Street's only member is Green Pyramid, not Ouf or Imam.

61.    The Business exclusion therefore precludes coverage for the alleged damages for the Accident identified in the Civil Litigation Letter.

62.    There is an actual controversy concerning whether RLI has any obligation to indemnify Ouf, Imam, Rock Street or Efficacy regarding the alleged damages for the Accident identified in the Civil Litigation Letter.

63.    A prompt declaration of whether RLI has any obligation to indemnify Ouf, Imam, Rock Street or Efficacy as alleged insureds regarding the alleged damages for the Accident identified in the Civil Litigation Letter is necessary and appropriate at this time to clearly delineate RLI's potential obligations under the Umbrella Policy.

64.    RLI reserves the right to amend this declaratory judgment complaint.

**WHEREFORE**, RLI prays for judgment as follows:

1.    For a declaration that Rock Street is not an insured under the Umbrella Policy;

2.    For a declaration that Efficacy is not an insured under the Umbrella Policy;

3.    For a declaration that RLI has no obligation to pay any defense, investigation, negotiation, legal fees, court costs, interest, or any similar fees or costs on behalf of Ouf, Imam, Rock Street or Efficacy as alleged insureds regarding the matters alleged in the Civil Litigation Letter;

4.    For a declaration that RLI has no obligation to indemnify Ouf, Imam, Rock Street or Efficacy as alleged insureds for the alleged damages sought for the Accident identified in the Civil Litigation Letter; and

5.    For such other relief that the Court deems just and proper.

COMPLAINT FOR DECLARATORY JUDGMENT

- 13 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

DATED this 17th day of April, 2026.

THE CHARTWELL LAW OFFICES, LLP

By /s/ Sean W. Carney
    **Sean W. Carney, WSBA No. 41200**
    Email: scarney@chartwelllaw.com
    7700 NE Parkway Drive, Suite 215
    Vancouver, WA 98662
    Telephone:(503) 886-8108
    Facsimile: (503) 961-7864

By /s/ Elissa M. Boyd
    **Elissa M. Boyd, WSBA No. 50436**
    Email: eboyd@chartwelllaw.com
    7700 NE Parkway Drive, Suite 215
    Vancouver, WA 98662
    Telephone:(503) 886-8108
    Facsimile: (503) 961-7864

    *Attorneys for Plaintiff RLI Insurance Company*

COMPLAINT FOR DECLARATORY JUDGMENT

- 14 -